# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

TINA G. B.,                              )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )          Case No. 20-CV-234-JFJ
                                         )
KILOLO KIJAKAZI,                         )
Acting Commissioner of Social Security,[1] )
                                         )
            Defendant.                   )

## OPINION AND ORDER

Plaintiff Tina G. B. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claims for disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.      General Legal Standards and Standard of Review

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological

---

[1] Effective July 9, 2021, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the

national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

On December 4, 2017, Plaintiff, then a 51-year-old female, applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. R. 18, 188-96, 204-07. Plaintiff alleges that she has been unable to work since November 15, 2017, due to instability when standing, diabetes, neuropathy in her legs, a 2008 heart attack and stroke, memory loss, thyroid problems, bulging discs in her neck/back, a pinched nerve, and chronic neck, back, and shoulder pain. R. 222. Plaintiff's claims for benefits were denied initially and on reconsideration. R. 60-81. ALJ Christopher Hunt conducted an administrative hearing and

issued a decision on September 11, 2019, denying benefits and finding Plaintiff not disabled. R. 18-31, 39-54. The Appeals Council denied review, and the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. R. 4-9; 20 C.F.R. §§ 404.981, 416.1481.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 15, 2017. R. 16. At step two, the ALJ found Plaintiff's diabetes mellitus, obesity, diabetic peripheral neuropathy, and bilateral carpal tunnel syndrome were severe impairments and her hypertension, depressive disorder, and sciatica and degenerative disc disease of the cervical spine were nonsevere impairments. R. 20-22. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 23-25.

At step four, the ALJ summarized the claimant's hearing testimony, the medical source opinion evidence, and much of the medical evidence in the record. R. 25-29. He then found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with frequent climbing ramps or stairs, bending, stooping, kneeling, crouching, crawling, grasping, handling, and performing fine motor manipulation, and occasional climbing ladders, ropes, and scaffolding. R. 25. Based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could not return to her past relevant work. R. 29.

At step five, the ALJ concluded that Plaintiff could perform other occupations existing in significant numbers in the national economy, including cashier II, marker, and sales attendant. R. 30-31. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 31. Accordingly, the ALJ concluded Plaintiff was not disabled. *Id*.

III.    **Issues**

In challenging the Commissioner's denial of benefits, Plaintiff asserts the ALJ erred by failing to properly evaluate her subjective complaints and finding them inconsistent with the objective medical evidence, resulting in a "consistency" error.  ECF No. 18.

IV.    **Analysis**

Plaintiff specifically contends that the ALJ erred in analyzing her subjective statements by: (1) failing to explain why her allegations of difficulty with prolonged standing and walking were not included in the RFC assessment, (2) improperly relying on her own reports of improved pain, and (3) improperly relying on her ability to work at a hotel when that attempt to work was unsuccessful.

In evaluating a claimant's symptoms, the ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.  Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *7.  If they are consistent, then the ALJ "will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities."  *Id.*  If they are inconsistent, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities."  *Id.* Factors the ALJ should consider in determining whether a claimant's pain is in fact disabling include the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that psychological disorders combine with physical problems; the claimant's daily activities; and the dosage, effectiveness, and side effects

of the claimant's medication.  *Keyes-Zachary*, 695 F.3d at 1167; *see also* SSR 16-3p at *7 (listing similar factors); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).[2]

Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence."  *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (cleaned up).  The ALJ's consistency findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.*  However, so long as the ALJ sets forth the specific evidence he relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence."  *Keyes-Zachary*, 695 F.3d at 1167 (cleaned up).  "[C]ommon sense, not technical perfection, is [the reviewing court's] guide."  *Id*.

The Court finds no error in the ALJ's consistency analysis.  In his decision, the ALJ acknowledged Plaintiff's testimony that she experiences symptoms of heaviness, loss of strength, and numbness in her legs which cause her to trip/fall and prevent her from walking more than 10-15 yards, as well as her testimony that she can only stand for ten minutes due to knee pain.  R. 26*.* The ALJ then found Plaintiff's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record.  R. 26.  In reaching this conclusion, the ALJ discussed several inconsistencies between Plaintiff's subjective complaints and the evidence of record, including: (1) a normal September 2017 lumbar spine MRI, (2) the consistently normal physical examinations throughout the record, (3) the limited and mildly abnormal findings in the record (decreased sensation and one instance

---

[2] This evaluation, previously termed the "credibility" analysis, is now termed the "consistency" analysis.  *See* SSR 16-3p (superseding SSR 96-7p).  In practice, there is little substantive difference between a "consistency" and "credibility" analysis.  *See Brownrigg v. Berryhill*, 688 F. Appx. 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit).  Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority.

of unsteady balance), and (4) Plaintiff's statements to her primary care provider that her neuropathy pain was improved and controlled with medication and that she was doing some light work at a hotel.  R. 22, 28.  The ALJ thus linked his consistency findings to the evidence and provided clear and specific reasons for his determination in compliance with the directives of *Cowan* and SSR 16-3p.  Moreover, Plaintiff does not point to any evidence other than her own assertions to support the standing and walking limitations she claims, and the ALJ is not required to include limitations in the RFC assessment that are not supported by the medical evidence.  *See, e.g., Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000) (holding the ALJ did not err by excluding Plaintiff's inability to perform repetitive hand motions from the RFC assessment where the medical record contained no evidence of such limitation).

Plaintiff next asserts that the ALJ improperly relied on her reports of improved pain to discount her subjective statements.  Specifically, she asserts the ALJ ignored that most treatment notes in the record reflect ongoing or worsening pain, that she continued to report significant difficulties with standing and walking after her pain improved with medication, and that Dr. Wiegman found pain on range of motion testing in her neck and back and difficulty walking on her toes and heels.  In this case, although the ALJ did not recount every instance where Plaintiff reported pain, he clearly considered her pain and explained that he accounted for it by including exertional and postural limitations in the RFC assessment.  R. 28-29.  Similarly, the ALJ did not specifically note Dr. Wiegman's finding that Plaintiff exhibited pain on range of motion testing in her neck and back, but he did summarize Dr. Wiegman's consultative examination and included limitations in the RFC assessment to account for Plaintiff's pain.  R. 27-29.  The ALJ thus properly considered Dr. Wiegman's consultative examination.  "The record must demonstrate that the ALJ

considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Plaintiff's final assertion is that the ALJ improperly relied on her ability to perform "some light work at a hotel" to discount her subjective statements.  She asserts that such work was short-lived and unsuccessful and, therefore, not inconsistent with her alleged standing and walking limitations.  Even assuming *arguendo* that the ALJ mischaracterized the nature of this work, any such error would be harmless because, as set forth above, the ALJ provided numerous other reasons, consistent with and supported by the record, for finding Plaintiff's symptoms were not as severe or functionally limiting as she alleged.  *See Wilson v. Astrue,* 602 F.3d 1136, 1145-46 (10th Cir. 2010) (affirming the ALJ's credibility determination despite finding one of the reasons given by the ALJ was unsupported by substantial evidence.).

## V.      Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 16th day of August, 2021.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**